UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# 05-10467RWZ

VERDIEU BERNARD, PETITIONER          )
                                      )
VS.                                   )
                                      )
DEPARTMENT OF HOMELAND SECURITY, RESPONDENT )

PETITIONER'S AMENDED MOTION FOR HABEAS CORPUS PURSUANT TO 8 U.S.C. SECTION 2241 AND MOTION TO STAY REMOVAL FROM UNITED STATES OF AMERICA

Now comes the petitioner, Verdieu Bernard, and hereby moves this Honorable Court for Habeas corpus pursuant to 8 U.S.C. Section 2241 and for a stay of his removal from the United States of America.

PROCEDURAL HISTORY

Verdieu Bernard is a Haitian citizen, who has resided in the United States of America since May, 2001. He came to the United States to escape political persecution at the hand of supporters of Jean Bertrand-Aristide. Bernard was involved in a political group known as Convergence, its views being opposed to Aristide. Bernard's role was helping Convergence print newspapers and fliers.

It is unclear as to why the Department of Homeland Security is seeking to remove Bernard which make the government's case all the more dubious. Bernard has no criminal record. There was a brief gap of time in which he was without a legal work permit, a situation he has since corrected. He was served with a Notice to Appear by the I.N.S. and was ordered removed form the United States for this transgression, which we would respectfully assert is minor, if not trivial. Prior to this decision to remove Bernard, he had settled in Miami before moving to Boston in December of 2002. Bernard's mother, Meliane Lafortune, was shot in October, 2004 and, due to the shooting, is at least partially paralyzed and is in a wheelchair. Bernard believes very strongly that the Chimer Group, a group affiliated with Aristide, was responsible for the attempt on his mother's life. It should also be mentioned that Bernard's brother, Joanis Lafortune, was murdered in Haiti after Bernard fled to the United States although it is still unclear, who was responsible.

In September, 2004 based on Bernard's political affiliation in Haiti which gave him a good faith belief that he would be tortured and in order to preclude his I.N.S. imposed removal, he argued for asylum at the Immigration Court. The asylum petition was denied at the Immigration Court level, and then denied on appeal. A motion to re-open the Board

of Immigration Appeals decision was denied, as well. The petitioner is currently working as maintenance man at a major hospital in Boston and working legally. Although he is technically at liberty there is a removal order out there against him which may be enforced at any time. Because the original filing of this petition precedes Section 106(c) of the REAL ID ACT of 2005, H.R. 1268, 109th Congress (2005), Pub.L. No. 109-13, Div. B, 119 Stat. 231, we assert that the United States District Court is the proper court of subject matter jurisdiction for this case. Should this Honorable Court take the position that this is not the proper court of subject matter jurisdiction; the proper remedy would be to transfer this matter to the United States Court of Appeals pursuant to the holding in RIVERA-MERTINEZ V. ASHCROFT, 389 F. 3d 207 (1st Cir. 2004). At this time, we assert that all I.N.S. remedies available to the petitioner have been exhausted and we are seeking habeas corpus pursuant to 8 U.S.C. Section 2241 as well as a stay or removal. We assert that Section 2241 gives this Honorable Court the authority to have this matter heard on the merits. We also assert that a stay should be granted, as petitioner satisfies the four pronged standard established in AREVALO V. ASHCROFT 394 F. 3d 1 (1st Cir. 2003).

That standard is as follows:

I. IS THE PETITIONER LIKELY SUCCEED ON THE MERITS OF HIS UNDERLYING OBJECTION?

Throughout this matter, at both the DHS and now the District Court level, petitioner has argued that his removal from the United States should be cancelled as he is eligible for asylum. Asylum was denied to the petitioner on September 9, 2004. The shooting of his mother was in October, 2004. The per curiam order of the Board of Immigration Appeals unfairly, in our opinion, chastises petitioner for not referencing the 2001 death of his brother during his April 1, 2002 removal hearing. The reason for petitioner not making that reference was due to the lack of any evidence connecting his brother's death to any political motivated was filed with this court. We respectfully request that this court consider that medical record as par of the record of this case.

II. WILL THE PETITIONER SUFFER IRREPARABLE HARM ABSENT THE STAY?

We assert that, absent the stay, petitioner will be physically re-located to Haiti, the very country be fled to avoid political persecution.

III. DOES THE HARM OUTWEIGH ANY POTENTIAL HARM FAIRLY ATTRIBUTABLE TO THE GRANTING OF THE STAY?

Verdieu Bernard has no criminal record and there is no actual or potential harm that would accrue to our country or any of its citizens if the stay is granted.

IV. WOULD THE STAY DISSERVE THE PUBLIC INTEREST?

The stay would not disserve the public interest for the same that we stated in the response to Prong Number Three, above. For these reasons, as stay should be granted, Verdieu Bernard should not be removed from the United States and we would assert that this entire removal proceeding be dismissed with Verdieu Bernard being allowed to stay in the United States.

VERDIEU BERNARD,
By his attorney,

_____
John Himmelstein
929 Massachusetts Avenue
Suite 01
Cambridge, MA 02139
(617) 868-2533
BBO# 547275