UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERDIEU BERNARD,<br>　　　Petitioner,<br><br>　　　　　v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, ET AL.,<br>　　　Respondents | )<br>)<br>)<br>)<br>)<br>)　C.A. No. 05-10467-RWZ<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

ZOBEL, D.J.

　　　For the reasons set forth below, Petitioner's Amended Motion for Habeas Relief pursuant to 28 U.S.C. § 2241 and Motion to Stay Removal (#4) is denied, and his Motion to Vacate Dismissal (#5) is denied.  Petitioner shall, within fourteen (14) days from the date of this Memorandum and Order, file a Motion to Re-Open this action for the sole purpose of Transfer of this action to the "appropriate circuit court of appeals" pursuant to Section 106(c) of the REAL ID Act of 2005, and a Motion to Substitute Respondent, to name the proper Respondent in this action.

BACKGROUND

　　　On March 11, 2005, Petitioner Verdieu Bernard, filed, through his counsel, Attorney John Himmelstein, Esq.,  a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is a Haitian citizen who claims that he "came to the United States to escape political persecution at the hand of supporters of Jean Bertand-Aristide."  Amended Motion (#4) at 1. The Petitioner was ordered removed and his petition challenges the order of removal on the

grounds that removal should be "canceled" because he is eligible for asylum. Petitioner's prior claims for asylum were presented at the administrative level, and were denied. He now claims that circumstances have changed since the denial, and that the Court should consider medical records as part of this action.

On March 17, 2005, this Court issued an Order indicating that the original habeas petition lacked sufficient information for this Court to determine if there was jurisdiction to grant the relief requested or to evaluate a request for stay of removal. The Petitioner's counsel was ordered to file a pleading which addressed those shortcomings and which provided adequate details of the prior proceedings of the case, together with any dates for execution of a removal order, and the name of the respondent. See Order, # 2.

No response to the March 17th Order was filed, and on June 28, 2005, this Court entered an Order dismissing this action for failure to prosecute. See Order, #3.

On August 5, 2005, counsel for Petitioner filed a Motion to Vacate the Order of Dismissal (#5), on the grounds that "The order of March 17, 2005 was never received by petitioner's counsel and he did not become aware of same until June 28, 2005." Motion to Vacate, #5, ¶1. Accompanying the Motion to Vacate was an Amended Motion for Habeas Corpus Pursuant to 8 [sic] U.S.C. § 2241 (#4).

## ANALYSIS

I.    Untimeliness of Motions

The Motions to Vacate Dismissal (#5) and to Amend Habeas Petition (#4) filed by Attorney Himmelstein on behalf of Petitioner are denied for several reasons.

First, the Court does not credit Attorney Himmelstein's representation concerning the late

notice of this Court's March 17, 2005 Order, as his explanation why no response was timely filed. The statement is unverified by counsel nor has he provided an Affidavit.

Second, even if this Court were to credit counsel's statement that he did not receive timely notice of the March 17th Order, he acknowledges that he did receive notice by June 28, 2005. However, he did not file the Motion to Vacate or the response (amended petition) until August 5, 2005. No explanation is given for the delay of 38 days. A review of these skeletal motions, which are not only "sloppy" but also virtually duplicative of the original petition with only minor alterations, demonstrates that counsel has clearly not devoted the necessary time to prepare a pleading which complies with the directives of the Court. More specifically, he has failed to 1) indicate the procedural history with respect to administrative challenges to the removal order, including the dates and place where the immigration judge completed the proceedings (a crucial fact needed for transfer of the petition to the appropriate circuit court of appeals); and 2) name a proper respondent to this action, as directed by the Court. Additionally, counsel has failed to demonstrate how this Court has jurisdiction over the amended petition, in view of the REAL ID Act of 2005, as discussed below.

For these reasons, Petitioner's Motions to Vacate Dismissal (#5) and to Amend Habeas Petition and Stay Removal (#4) are denied. However, because the § 2241 petition is subject to the provisions of the REAL ID Act of 2005, this Court will permit counsel to file a Motion to Re-open this action for the sole purpose of transfer to the appropriate circuit court of appeals, as discussed below.

II.     The REAL ID Act of 2005

Attorney Himmelstein's proposed amended habeas petition (#4) states, in relevant part:

3

> Because the original filing of this petition precedes Section 106(c) of the REAL ID ACT of 2005, H.R. 1268, 109th Congress (2005), Pub. L. No. 109-13, Div. B, 119 Stat. 231, we assert that the United States District Court is the proper court of subject matter jurisdiction for this case. Should this Honorable Court take the position that this is not the proper court of subject matter jurisdiction; the proper remedy would be to transfer this matter to the United States Court of Appeals pursuant to the holding in REAL ID Act of 2005.

Motion to Amend Habeas Petition, #4 at 2. Counsel provides no basis to support the continued jurisdiction of this Court post-enactment of the REAL ID ACT of 2005, and the law is contrary.

On May 11, 2005, the REAL ID Act of 2005 ("REAL ID Act"), was enacted.[1] Section 106(c) of the REAL ID Act explicitly provides that judicial review of removal orders rests exclusively in the "appropriate" United States Circuit Court of Appeals, and the District Court lacks jurisdiction to review such removal orders.[2]

---

[1] REAL ID Act of 2005, Pub. L. No. 109-13, Div. B; 119 Stat. 231, 302 (May 11, 2005).

[2] Section 106 explicitly limits judicial review of removal orders to the courts of appeals:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act [the Immigration and Nationality Act], except as provided in subsection (e) [of 8 U.S.C. § 1252].

REAL ID Act, § 106(a)(1)(B). The REAL ID Act similarly limits judicial review of claims under the United States Convention Against Torture. Id. The statute explicitly states that, under either set of circumstances, relief under § 2241 or under any other law is not available in the district court. Id. Thus, the REAL ID Act also precludes a district court's use of its mandamus jurisdiction and authority to issue writs under the All Writs Act, pursuant to 28 U.S.C. §§ 1361 and 1651. However, district courts retain habeas jurisdiction over certain determinations made under § 1225(b)(1). Section 1225(b)(1) describes determinations concerning the removal of aliens arriving in the United States or aliens who have never been admitted into the United States and who have not been physically present in the United States for the preceding two years. Under § 1252(e)(2), habeas review of § 1225(b)(1) determinations is permitted, but such review

Section 106(c) also mandates that **all habeas corpus actions which challenge orders of removal that were pending on the date of the REAL ID Act's enactment shall be <u>transferred</u> to the appropriate court of appeals** (or, if the petition contains other claims, then that part of the case that challenges the order of removal, deportation, or exclusion shall be transferred).  <u>Id.</u>

The "appropriate" circuit court of appeals is the one in which "a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)."  REAL ID Act, § 106(c).  Section 1252(b)(2) provides that proper venue for a petition for review is "...with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."  8 U.S.C. § 1252 (b)(2).

Here, Bernard's petition was pending in this court before the enactment of the REAL ID Act, and, since it challenges the validity of the order of removal, it falls within the purview of § 106(c).  Therefore, this Court lacks jurisdiction to review this petition and to grant a Stay of

---

is limited to determinations of whether the petitioner 1) is an alien; 2) was ordered removed under § 1225(b)(1), and 3) can prove by a preponderance of evidence that he or has been lawfully admitted for permanent residence, admitted as a refugee, or granted asylum.  8 U.S.C. § 1252(e)(2).  If the district court determines that a petitioner is not an alien who was ordered removed under § 1225(b)(1) or that the petitioner has proved by the preponderance of evidence that he or has been lawfully admitted for permanent residence, admitted as a refugee, or granted asylum, the only relief the district court may grant is a hearing in front of an immigration judge pursuant to 8 U.S.C. § 1229a.  8 U.S.C. § 1252(e)(4).  In addition to retaining jurisdiction over habeas petitions permitted under 8 U.S.C. § 1252(e), district courts retain jurisdiction to consider <u>Zadvydas</u> type habeas petitions challenging prolonged detention.  See <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001) (holding that duration of detention after entry of final order of removal must be reasonable).

Removal.  Moreover, in accordance with that provision, this petition should be transferred to the appropriate circuit court of appeals.  However, the Court is unable to do so at this time because counsel has not made it clear in the record where the immigration judge completed the proceedings, and therefore the "appropriate" circuit court of appeals to which the case should be transferred.

The dismissal of this action was based on pleading deficiencies and the failure to comply with the March 17th Order/failure to prosecute.  However, because transfer, rather than dismissal, is contemplated under the REAL ID Act for cases which were pending at the time of its enactment, this Court has reconsidered the dismissal of this action apart from the grounds set forth in Petitioner's Motion to Vacate Dismissal (#5).

Accordingly, Petitioner may file, within fourteen (14) days of the date of this Memorandum and Order: (1) A Motion to Reopen this case <u>solely</u> for the purpose of transfer of this case to the appropriate court of appeals, provided, however, that Petitioner supplies this Court with sufficient information to determine the appropriate transferee court (*i.e.*, where the Immigration Judge completed the proceedings); and  2) A Motion to Substitute Respondent to this action.[3]   The Order of Dismissal entered on June 28, 2005 will otherwise remain in full force and effect absent these filings.

CONCLUSION

Based on the foregoing, it is hereby ORDERED:

---

[3] A writ of habeas corpus must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243.  Petitioner's legal custodian (and proper respondent) is the individual having day-to-day control over the facility in which he is being detained. <u>Rumsfeld v. Padilla</u>, --U.S.--, 124 S. Ct. 2711, 2720 (2004); <u>Vasquez v. Reno</u>, 233 F.3d 688, 694 (1st Cir. 2000), <u>cert. denied</u>, <u>sub nom.</u> <u>Vasquez v. Ashcroft</u>, 122 S. Ct. 43 (2001).

1.  Petitioner's Amended Motion for Habeas Relief pursuant to 28 U.S.C. § 2241 and Motion to Stay Removal (#4) is denied;

2.  Petitioner's Motion to Vacate Dismissal (#5) is denied;

3.  Within fourteen (14) days from the date of this Memorandum and Order, Petitioner shall file a) a Motion to Re-Open this action for the sole purpose of Transfer of this action to the "appropriate circuit court of appeals" pursuant to Section 106(c) of the REAL ID Act of 2005, providing sufficient information for the Court to determine the appropriate court of appeals for transfer of this action; and b) a Motion to Substitute Respondent, to name the proper Respondent in this action.

4.  Attorney Himmelstein shall forthwith provide to Petitioner copies of all pleadings and orders in this case and certify to the Court within 14 days that he has complied with this order.

SO ORDERED.

Dated: August 17, 2005                    /s/ Rya W. Zobel
                                          RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE